Ms. Spitz Thank you, Your Honors. May it please the Court, my name is Alice Spitz, attorney with Mollad, Spitz & DeSantis, Spitz Target Corporation, the appellee in this matter. It's respectfully submitted that Judge Gardefi was correct in his decision below and that his decision should be affirmed. This is not a case of first impression for the Court. There is ample support for Judge Gardefi's decision and for you to affirm his decision. There are two specific issues that I would raise to the Court to focus on. One is the question of burden of proof and the other is the question of notice. So initially starting with the burden of proof as outlined in the Federal Rules of Procedure or Rule 56, the Tanay case, the Gasparini case, and the Castellanos case are all correct that the burden of proof on a motion for summary judgment follows the burden of proof that the parties would have at trial and therefore the burden of proof was on the plaintiff to have shown actual and constructive notice or that target created the condition in this slip and fall accident. With regard to, and I'll just point out that on pages, the SPA docket entry 30.1 of Judge Gardefi's decision, page 53 of 62 and page 54 of 62, succinctly articulate this and provide the support in the law that supports. So even if we agree that Rule 56 is procedural, you know, Keir Barron seems to say that the New York standard is substantive, do we need to decide whether that's true, would that make a difference? No, I'm saying that the courts have decided that for years from Erie v. Tompkins forward, the Stellatex decision, the Tanay decision, and so on. So the court does, this court does not need to decide that. It's already decided. It's already decided. It's procedural. Just on that legal question, you know, Justice Stevens suggested that if a state procedural rule is intertwined, here we have intertwined again, is intertwined with a substantive right, then that might make a difference. So would it make a difference? You're saying, you don't need to think about it, because it's decided, but is it part of the analysis or do we just do the federal procedural rules? I'm saying that the courts before you have already made that determination and it's not intertwined. And again, using that word, that it is... Let's say, let's just say, I'm not saying that I do, if we disagree with you, can you explain to me how it would be different? And like, would, like, how would Target's burden have been, or how would, how would the difference, any difference between the options come out? Well, I just don't see the daylight. I'm asking how much daylight. In answering that question, I almost have to argue the plaintiff side and the defense side, so I'm going to, I'm going to give you both sides. Sometimes it happens when you, when you argue with the other side. And the other side submits, absolutely. It was a risk I took, without a doubt. Plaintiff argues that Target would have had to have proven the lack of notice in the case and Target argues, we say we had no notice and the plaintiff can't prove any notice. So the plaintiff in this case testified, it's a slip and fall on a cart wipe in a aisle in Target and the plaintiff herself testified, I don't know how long it was there, I don't know how it got there, I don't know when it got there, I don't know where it came from. I was in the aisle a few minutes earlier, I didn't see it. I walked back to my cart and I slipped and fell on it. Cannot explain at all where it came from. Target's argument is, and by the way, the niece was with her and she similarly testified, I have no idea where this came from. So Target's position is, you have the burden of proof at trial and you need to prove where it came from and how Target would have had a reasonable amount of notice to have cleaned up this transient condition. And the plaintiff is arguing that Target has to prove the inverse, that we did not have it. Now, in answer also to your question, your honors, and our point three of our brief is that even if the burden of proof was on Target, we met that burden of proof because- You have to show, you have to put forth a primal facial case that you satisfied your duty of care, and you said you had the testimony of an employee that said that she performed her shift where she checks the aisles for stuff on the floor, and the New York courts have said that that is discharging the duty of, or that is a primal facial case at least, that you've discharged the duty of care. So the outcome actually doesn't hinge on the Rule 56 question, but you're saying that's well established. I'm saying both are well established. The burden of proof and the sufficiency of Target's inspection of the aisles, including the fact that there was an employee right nearby who also did not see the creation of this condition, and therefore could not have had a reasonable opportunity to have cleaned it up. And it's your understanding of, I understand that you're not the plaintiff, but your understanding of her argument on appeal is that she's really only challenging the application of Rule 56, but not saying that the showing wasn't adequate under Rule 56. I had a difficult, you know, in answering that question, I had a difficult time following a plaintiff's brief in candor, and they're saying don't follow federal procedural law. They're saying that Target's burden of proof is substantive, not procedural, which we disagree with, and that we fail to show lack of notice, which we also disagree with. So even if we were to accept... But I'm just saying that it doesn't seem like there is an argument that says even if Rule 56 applies, summary judgment was improperly granted here. They don't raise that at all. Right. Okay. Well, if you have nothing further, we rest on our brief as well. Great. Thank you very much. Thank you for the opportunity. Ms. Spitz, the case is submitted.